# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50292
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 13, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN CARLOS AGUILAR-OSORTO,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-186

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges

PER CURIAM:[*]

Juan Carlos Aguilar-Osorto was convicted of illegal reentry and received a within-guidelines sentence of 41 months of imprisonment followed by a three-year term of supervised release. On appeal, he argues that his sentence was substantively unreasonable because it was greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a). As Aguilar-Osorto raised this

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50292

objection below, our review is for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

A sentence imposed within a properly calculated guidelines range is accorded a presumption of reasonableness and is rebutted only if the district court fails to consider a significant factor, gives weight to an irrelevant factor, or clearly errs in balancing the sentencing factors. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Aguilar-Osorto's empirical basis challenge to the presumption of reasonableness is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). We have rejected the argument that a sentence imposed pursuant to U.S.S.G. § 2L1.2 is greater than necessary to meet the § 3553(a) goals as a result of any double counting inherent in that Guideline, *see Duarte*, 569 F.3d at 529-31, as well as the argument that illegal reentry is merely an international trespass offense, *see United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008). Aguilar-Osorto's remaining arguments are nothing more than a disagreement with the district court's weighing of the § 3553(a) factors, which is insufficient to show the court abused its discretion. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008).

AFFIRMED.